# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31181

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2015

Lyle W. Cayce
Clerk

SYLVESTER ROLLINS,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF CORRECTIONS OFFICIALS; JAMES M. LEBLANC, Secretary; SHERLY L. RANTZA; PAROLE BOARD COMMITTEE; RICHARD STALDER, Former Secretary; RONALD BONIVILLION, Former Parole Board Chairman,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-100

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sylvester Rollins, Louisiana prisoner # 76405, moves for leave to proceed in forma pauperis (IFP) on appeal. He challenges the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31181

He alleged that he was denied parole eligibility in violation of the Due Process and Ex Post Facto Clauses.

When, as in this case, a district court certifies that an appeal is not taken in good faith under § 1915(a)(3), the appellant may either pay the filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The Louisiana parole statutes that Rollins relies on were in effect when he committed the crime at issue. Therefore, he has not demonstrated an Ex Post Facto Clause violation based on their application to him. *See Garner v. Jones*, 529 U.S. 244, 249 (2000). Rollins has also not demonstrated a Due Process Clause violation because he has no constitutionally protected liberty interest in parole release. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Bosworth v. Whitley*, 627 So. 2d 629, 633 (La. 1993)("[T]he Louisiana scheme specifically excludes parole consideration for inmates serving uncommuted life sentences."). Accordingly, Rollins's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Rollins's § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted and the instant dismissal of this appeal as frivolous count as strikes under § 1915(g).

No. 14-31181

*See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Rollins is warned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION  DENIED;  APPEAL  DISMISSED;  SANCTION  WARNING ISSUED.